UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES ANTHONY BROOKS,

　　　　　Plaintiff,

v.

KEVIN ALLEN,

　　　　　Defendant.

Case No. 16-01229 BLF (PR)

**ORDER OF DISMISSAL**

　　　　Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

A.　**Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims generally that his rights under the Sixth, Fifth, Eighth and Fourteenth Amendments have been violated, and names as defendant Kevin James Allen of the Private Defender Program of San Mateo County. (Compl. at 2.) He asserts that "under state law, parole cannot be suspended or revoked unless there is good ca[u]se to believe that a person has violated the conditions of his or her parole" and that "a criminal plaintiff be competent to stand trial." (*Id.* at 3.) Plaintiff seeks damages for "illegal detention as a direct result to deliberate negligence[,] breach of trust, [and] dereliction of duty." (*Id.*)

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. *Heck* may apply to proceedings that call into question the fact or duration of parole. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995). A challenge to the denial of parole, whether based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits, directly implicates the validity of the prisoner's continued confinement. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (noting that few things implicate

2

the validity of continued confinement more directly than the allegedly improper denial of parole).

Here, Plaintiff's allegation that he is suffering an "illegal detention," if successful, necessarily implies the invalidity of the revocation of parole. However, Plaintiff has failed to show that the revocation of parole has been reversed. *See id*. As such, Plaintiff's claims are barred by *Heck* and must be dismissed. Accordingly, Plaintiff's complaint is DISMISSED without prejudice to his filing a new complaint if the challenged revocation of parole is later invalidated. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for his allegedly unlawful detention by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice as barred by *Heck*, 512 U.S. at 487.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: July 15, 2016

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.16\02291Brooks_dism(dup)

3